| Order Form (01/2005) | **United States District Court, Northern District of Illinois** | | |
|---|---|---|---|
| **Name of Assigned Judge or Magistrate Judge** | Philip G. Reinhard | **Sitting Judge if Other than Assigned Judge** | |
| **CASE NUMBER** | 11 C 50069 | **DATE** | 4/4/2011 |
| **CASE TITLE** | Anthony Olive (B-45286) v. Gladyse Taylor, et al. | | |

**DOCKET ENTRY TEXT:**

The court grants Plaintiff's motion for leave to file *in forma pauperis* [3], and assesses an initial filing fee of $19.06. The court authorizes trust fund account officials at Plaintiff's place of confinement to deduct the initial partial filing fee from Plaintiff's account and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center. The complaint is dismissed without prejudice to Plaintiff submitting an amended complaint within 30 days of the date of this order. The clerk is directed to send to Plaintiff an amended civil rights complaint form and instructions for filing, along with a copy of this order. Plaintiff's failure to comply with this order will result in dismissal of this case.

*Philip G. Reinhard*

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT - OPINION

Plaintiff Anthony Olive, an inmate at the Dixon Correctional Center, has filed a civil rights action under 42 U.S.C. § 1983. He alleges that, in September 2010, while he was looking through one of his boxes of legal materials, Officer Carole O'Neal noticed that Plaintiff had a copy of an American Federation of State, County, Municipal Employees ("AFSCME") contract, a union agreement. O'Neal inquired about Plaintiff's possession of the contract, to which he replied that he requested it though the Freedom of Information Act and was either suing the union or preparing a suit. O'Neal became upset upon hearing this and wrote a false disciplinary report against Plaintiff. Naming ten additional Defendants, Plaintiff alleges that other officers conspired with O'Neal to support her false disciplinary report; that other officers ruled against Plaintiff at a disciplinary hearing, thereby furthering the conspiracy; and that additional officials, including the prison's warden and members of the state administrative board in Springfield, upheld the disciplinary action when Plaintiff appealed, thus continuing the conspiracy. Plaintiff also names the AFSCME as Defendant, though his reasons are not clear in his complaint.

Plaintiff's application to proceed *in forma pauperis* indicates that he is unable to prepay the $350 filing fee. The Court grants his motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $19.06. *See* 28 U.S.C. § 1915(b)(1). The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to collect the initial partial filing fee from Plaintiff's trust fund account, when funds exists, and to continue making monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Dixon authorities shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.
(CONTINUED)

isk

| STATEMENT - OPINION |
|---|

Although Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed as currently drafted. *See* 28 U.S.C. § 1915A (a court must conduct a preliminary review of all inmate complaints and determine if they sufficiently state a claim upon which relief may be granted). Plaintiff alleges that Officer O'Neal confiscated Plaintiff's copy of an AFSCME agreement and then filed false disciplinary charges against him. Each subsequently mentioned Defendant allegedly conspired with O'Neal. Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff gives too many details and he should simply provide information about the litigation in which he was involved or preparing, O'Neal's actions with respect to that litigation, and how Plaintiff was affected by O'Neal's actions. Although Plaintiff states that O'Neal filed a false disciplinary report against Plaintiff, he does not state the litigation in which he was involved, or how he was disciplined for engaging in the litigation.

Nor does Plaintiff state whether the other Defendants were aware of O'Neal's retaliatory motives such that they joined in a conspiracy. To succeed on a § 1983 civil conspiracy claim, Plaintiff must show that the Defendants reached an agreement to violate her constitutional rights, i.e., that the Defendants "understood the general objectives of the scheme, accepted them, and agreed, either explicitly or implicitly, to do their part to further them." *Kelly v. Chambers*, No. 07 C 1005, 2009 WL 765267, *3 (N.D. Ill. March 23, 2009) (Aspen, J.) (internal quotation marks and citation omitted). Allegations of conspiracy often require more explanation than other allegations, and "mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [are often considered] not enough." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (court held that, although the complaint was otherwise detailed, it was "bereft of any suggestion, beyond a bare conclusion" that several defendants joined the conspiracy). Not every person involved in the chain of review is necessarily liable. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (inmate was not allowed to pursue claims against each person in the review process from the prison's complaint examiner to the state's superintendent of prisoner and governor). In this case, it does not appear that every Defendant was involved in the alleged conspiracy. Further, the generalized allegations pertaining to various Defendants violating their oath of office, abusing the public trust, and misusing tax dollars do not state a cognizable claim and are dismissed with prejudice.

Accordingly, Plaintiff's complaint is dismissed as to the retaliation and conspiracy claims without prejudice to him submitting an amended one that provides short plain statements of his claim and that clearly sets out the claims Plaintiff seeks to assert against each Defendant. The complaint is dismissed with prejudice as to all other claims. Plaintiff is given 30 days from the date of this order to submit an amended complaint.

Plaintiff is advised that an amended complaint replaces a previously filed complaint in the same case and must stand complete on its own. The court will refer only to the amended complaint, and not to prior complaints, to determine the claims and defendants in this case. Therefore, Plaintiff must state in the amended complaint the claims he seeks to raise and the defendants he seeks to sue in this case. Plaintiff must write both the case number and the judge's name on the amended complaint and return the originally filled out and signed form and a copy for the judge and a service copy for each named defendant to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. Plaintiff may request additional copies of an amended complaint form if needed to provide the court with a sufficient number of copies. Failure to comply with this order will result in dismissal of this case.