# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50069 | **DATE** | 9/7/2011 |
| **CASE TITLE** | Anthony Olive (#B-45286) vs. Gladyse Taylor, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, plaintiff's motion to object is denied.

*Philip G. Reinhard*

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT - OPINION

Plaintiff, Anthony Olive, a state prisoner, filed a motion for certification of a class action pursuant to Fed. R. Civ. P. 23(a) and a petition for discharge of his appointed counsel pursuant to Local Rule 83.39. The Magistrate Judge entered an order on August 8, 2011, denying both the motion for class certification and the petition to discharge without prejudice. Plaintiff, in turn, filed a "motion to object" pursuant to Fed. R. Civ. P. 72(b)(2).

The court will first address the motion to object as it relates to the motion for class certification. A plaintiff seeking class certification must satisfy all of the criteria enumerated in Rule 23(a): numerosity, commonality, typicality, and adequacy of representation, and fall within at least one subsection of Rule 23(b). Arreola v. Godinez, 546 F. 3d 788, 797 (7th Cir. 2008).

Here, plaintiff's motion fails to identify which, if any, subsection of Rule 23(b) applies to his motion for class certification. That alone defeats his motion for class certification.

Moreover, his motion does not support class certification under Rule 23(a). A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and the plaintiff's claims are based on the same legal theory. Oshana v. Coca-Cola Co., 472 F. 3d 506, 514 (7th Cir. 2006). Even though some factual variations may not defeat typicality, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large. Oshana, 472 F. 3d at 514. Here, plaintiff's amended complaint alleges claims that are clearly based on the particular facts as they apply to him. While he asserts in his motion to certify a generalized claim of a state-wide practice of misuse of the grievance process by various prison officials, it is evident from his amended complaint that he is seeking relief based on the specific facts alleged in his case and particular to him. Thus, he has not established the typicality requirement of Rule 23(a).

Commonality requires the presence of questions of law or fact common to the class. Creative Montessori Learning Center v. Ashford Gear, 2011 WL 3273078, *2 (N.D. Ill. July 27, 2011). Because commonality and typicality are closely related, a determination as to one often results in the same

determination as to the other. <u>Ashford Gear</u>, at *3. Here, plaintiff, similar to the typicality requirement, has failed to establish a common question of either law or fact as to his particular claims and those of the proposed class. As discussed above, plaintiff's amended complaint sets forth claims anchored in the specific facts of plaintiff's case. Nor has he shown that similar issues of law would be applicable to both his claims and those of the class. Therefore, he also has not established the commonality requirement of Rule 23(a).

Finally, plaintiff has not established that he is an adequate class representative. A class representative must possess the same interest and suffer the same injury as the class members. <u>Uhl v. Thoroughbred Technologies and Telecommunications, Inc.</u>, 309 F. 3d 978, 985 (7th Cir. 2002). Again, plaintiff's amended complaint is based on facts specific to his particular claims. He has failed to identify any particular claims of the class and how his prosecution of his case would further the interests or remedy the injuries of any of the class members. Accordingly, he has not established the adequacy of representation required by Rule 23(a).

Having failed to identify which subsection of Rule 23(b) he is relying on and having failed to establish three of the four requirements under Rule 23(a), plaintiff's motion for class certification is denied. The motion to object to the Magistrate Judge's order in that regard is also denied.

The court next addresses the motion to object as it relates to plaintiff's petition for discharge of his appointed counsel. While Local Rule 83.39 allows a party to seek discharge of his court-appointed counsel, plaintiff here has not identified a proper basis for such a discharge. Such a request must be supported by "good cause, such as personal incompatibility or a substantial disagreement on litigation strategy." L.R. 83.39. Plaintiff's petition fails to specify the good cause necessary to support a discharge in his case. This is not surprising as it is still relatively early in the litigation. Plaintiff needs to allege much more than the generalizations in his petition to establish the good cause required by Local Rule 83.39. Therefore, the petition for discharge is denied as is the motion to object to that portion of the Magistrate Judge's order.

Having said that, appointed counsel is to make reasonable efforts to contact plaintiff within a reasonable time to discuss his case. Plaintiff is expected to work with counsel in an effort to facilitate the prompt resolution of this case.

For the foregoing reasons, the motion for class certification is denied, the petition for discharge of appointed counsel is denied, and the motion to object is denied.